## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Helen Charlaine Haley

v.

John Thomas Haley et al.

March 2, 1989

Case No. CL88-1515

By JUDGE AUSTIN E. OWEN

This matter came before the Court on February 22, 1989, after due notice, upon [the] motion for allowance to plaintiff, from the funds in the hands of the Receiver for Tropical Environmental Research Industries, Inc., of attorney's fees and costs incurred by her in the initiation of these proceedings and the appointment of the Receiver.

On February 22, 1989, the Receiver took a neutral position and no party appeared in opposition to plaintiff's motion. The Court, nevertheless, took the matter under advisement and has since undertaken some very limited research of its own; and also has carefully considered [plaintiff's] letter memorandum of February 27, 1989, and the authorities attached thereto.

Plaintiff contends that in equity she is entitled to contribution from other claimants out of the funds in the hands of the Receiver and directs the Court to the case of *Dunlop v. McGehee*, 139 Va. 643, 124 S.E. 199 (1924), including the following language found at page 201 of that decision:

> It will be observed that there is no power vested in a Court of equity in the English practice to decree fees to counsel as extra

costs, but, *where a party has taken advantage of services of counsel of an active party in the litigation, the Court may allow the party as many of the charges to pay his own counsel as fair justice to the other party would permit.* [Emphasis mine].

The foregoing principle is indirectly recognized in Virginia Code Section 54.1-3933, requiring statement of the claim to fees and written notice to all parties in interest.

The more recent decision in *Realty Corporation v. Looney*, 201 Va. 432, 111 S.E. 2d 410 (1959), recognizes the same equitable principle in these words from page 439 of the decision:

The services of Pobst and Coleman were not antagonistic to the defendants. They were rendered in an incidental but a separate and distinct *undertaking for the benefit of all of the parties.* As a result, a fund was obtained and preserved which inured to their benefit. [Emphasis mine].

The clear basis for allowance of such attorneys fees and costs is that one party in interest has borne all the fees and costs in an undertaking for the benefit of a number of parties. In that respect, it must be noted that this attachment proceeding did not commence as an undertaking for the benefit of a number of parties, but only for the benefit of Helen Charlaine Haley, who sought to attach funds equal to some $21,613.98, plus interest, costs, etc., allegedly due to her from John Thomas Haley. The original Petition for Attachment was filed June 20, 1988.

At the hearing upon the petition held on July 19, 1988, plaintiff contended that she had a right to recover her claim in full from the funds held by the co-defendants (Taygirls, Inc., and El Hawa Corporation) and due to be paid by them to Tropical Environmental Research Industries, Inc., without the necessity of any prior notice to the creditors of that dissolved corporation; but did, when requested to submit a brief, suggest in her memorandum of July 29, 1988, the appointment of a Receiver for the

Corporation who was to give notice to all parties in interest.

After giving full consideration to the foregoing, the Court is of the opinion and finds that plaintiff's counsel should be compensated from the funds held by the Receiver for services performed for the benefit of all corporate creditors to the extent of $3,000.00 in fees and $286.00 in costs.